United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCK McNEELY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>KEVIN CHAPPELL, Warden,<br><br>　　　　Respondent.　　　　　/ | Nos. C 12-1483 CW (PR)<br>　　　C 12-2599 CW (PR)<br><br>ORDER DENYING RECONSIDERATION;<br>DISMISSING C 12-2599 CW (PR)<br>AS DUPLICATIVE; TERMINATING<br>ALL PENDING MOTIONS |

On March 23, 2012, Petitioner, a state prisoner incarcerated at San Quentin State Prison, filed <u>McNeely v. Chappell</u>, C 12-1483 CW (PR), a <u>pro se</u> petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, challenging the validity of his confinement. On April 9, 2012, the Court reviewed the petition and ordered the matter transferred to the United States District Court for the Eastern District of California, finding as follows:

> In 2000, Petitioner sought habeas corpus relief in the United States District Court for the Eastern District of California, challenging the constitutional validity of his five-year pretrial detention on criminal charges filed in Sacramento County Superior Court. The Eastern District denied relief, but the Ninth Circuit Court of Appeals found that Petitioner had been denied his constitutional right to a speedy trial, reversed the district court and ordered Petitioner's immediate release from custody, with prejudice to re-prosecution of the criminal charges. See <u>McNeely v. Blanas</u>, 336 F.3d 822, 832 (9th Cir. 2003).
>
> In the instant petition, Petitioner appears to allege that he was re-arrested by Sacramento police and currently is imprisoned as a pretrial detainee on the same criminal charges, in violation of the Ninth Circuit's ruling.
>
> A habeas petition by a state pretrial detainee properly is brought under 28 U.S.C. § 2241. See <u>Hoyle v. Ada County</u>, 501 F.3d 1053, 1058 (9th Cir. 2007). In a state containing more than one federal district, the petition may be filed in either the district of

> confinement or the district of conviction. 28 U.S.C. § 2241(d). Although each district has concurrent jurisdiction to entertain the petition, the district court for the district where the petition is filed "in the exercise of its discretion and furtherance of justice may transfer the application to the other district court for hearing and determination." Id.
>
> Here, Petitioner is confined within the venue of the Northern District, but he is challenging the validity of criminal charges filed against him in the Eastern District. He maintains that those charges were filed in violation of the Ninth Circuit's ruling granting relief to Petitioner in his previous habeas action filed in the Eastern District. Consequently, the Court finds that the petition should be heard in the Eastern District.
>
> Accordingly, pursuant to 28 U.S.C. § 1404(a), and in the interest of justice, the Clerk of the Court is ordered to TRANSFER this action forthwith to the United States District Court for the Eastern District of California.

Order at 1:14-2:20.

Petitioner has moved for reconsideration of the Court's order transferring the petition, arguing the petition properly is brought in the Northern District because he is not challenging the criminal charges against him, but, rather, is challenging his physical confinement.

The motion is DENIED. Petitioner states in the petition that in 2008 he was arrested by the Sacramento County Sheriff's Department based on erroneous information in the Department's database that did not reflect accurately the disposition of his prior criminal case. Although he does not explain the precise grounds for his arrest and current incarceration, his request for habeas relief is based on his contention that his confinement violates the Ninth Circuit's ruling in his case in McNeely v. Blanas, 336 F.3d 822 (9th Cir. 2003). As Petitioner has not provided any information that indicates he is incarcerated because

2

of criminal charges brought, or a criminal conviction obtained, in the Northern District, the Court will not reconsider its prior ruling that the proper venue for this petition is the Eastern District.

Petitioner recently filed another habeas petition, <u>McNeely v. Chappell</u>, C 12-2599 CW (PR), which raises the same claims as the petition in C 12-1483. Accordingly, that petition is hereby DISMISSED as duplicative.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion for reconsideration in <u>McNeely v. Chappell</u>, C 12-1483 CW (PR) is DENIED.

2. The petition filed in <u>McNeely v. Chappell</u>, C 12-2599 CW (PR) is DISMISSED as duplicative. The Clerk of the Court shall enter judgment in that case and close the file.

3. The Clerk shall TERMINATE all pending motions in both cases.

IT IS SO ORDERED.

Dated: 5/25/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE