IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCK McNEELY, | No. C 12-2599 CW (PR) |
|     Petitioner, | Ninth Circuit Case No. 12-16559 |
|   v. | ORDER DENYING CERTIFICATE OF APPEALABILITY; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; DIRECTING CLERK TO TRANSMIT FILE TO NINTH CIRCUIT |
| KEVIN CHAPPELL, Warden, | |
|     Respondent.               / | |
| | (Docket no. 12) |

    Petitioner, a state prisoner incarcerated at San Quentin State Prison, filed the present pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner argues in the petition that his arrest and current incarceration violate the Ninth Circuit's ruling in McNeely v. Blanas, 336 F.3d 822 (9th Cir. 2003), which found he had been denied his constitutional right to a speedy trial, reversed the denial of his habeas petition by the United States District Court for the Eastern District of California, and ordered his immediate release from custody with prejudice to re-prosecution of the same criminal charges.

    On May 25, 2012, this Court dismissed the present petition, finding that it is duplicative of McNeely v. Chappell, C 12-1483 CW (PR), a habeas petition filed by Petitioner in this district on March 23, 2012, which the Court ordered transferred to the Eastern District on April 9, 2012. Docket no. 5.

    Petitioner has filed a Notice of Appeal and a request to proceed in forma pauperis (IFP) on appeal. The Ninth Circuit has remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability (COA). Docket no. 16.

    "Determining whether a COA should issue where the petition was

dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

For the reasons discussed above, Petitioner has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural ruling that the petition is duplicative of the petition transferred to the Eastern District. Accordingly, a COA is DENIED and Petitioner's request to proceed IFP on appeal is DENIED. Additionally, Petitioner's request that he be allowed to proceed on appeal in this matter without a COA is DENIED. Docket no. 12.

The Clerk of the Court shall transmit a copy of this Order, together with the case file, to the Ninth Circuit.

This Order terminates Docket no. 12.

IT IS SO ORDERED.

Dated: 8/29/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

2